J-S20044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRYCE BEAVER | : | |
| | : | |
| Appellant | : | No. 1487 MDA 2017 |

Appeal from the Judgment of Sentence September 20, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0002122-2016

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:                     **FILED MAY 03, 2018**

Appellant, Bryce Beaver, appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following his jury trial conviction for resisting arrest and bench trial conviction for disorderly conduct.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> WAS THE EVIDENCE PRESENTED BY THE COMMONWEALTH SUFFICIENT TO SUPPORT A VERDICT OF RESISTING ARREST?

(Appellant's Brief at 4).

---

[1] 18 Pa.C.S.A. §§ 5104; 5503(a)(2), respectively.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jacqueline L. Russell, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed November 22, 2017, at 1-4) (finding: Officers Bowman and Moyer were dispatched around 2:00 a.m. on June 29, 2016, to respond to noise complaint; upon arrival, officers observed Appellant pacing, flailing his arms, and screaming incoherently; officers tried to talk to Appellant, but he was screaming, rambling, and talking very fast; despite officers' requests, Appellant kept fidgeting and placing his hands in his pockets; officers asked Appellant to stop reaching in his pockets, but Appellant would not comply; officers told Appellant he was being arrested for disorderly conduct and to place his hands on patrol car; after Appellant complied, he then pushed off of car, shoving his head into Officer Bowman's chest; officers placed Appellant in patrol car, with difficulty, but they were unable to fasten Appellant's seatbelt due to his combative behavior; Appellant kicked vehicle divider and banged his head on rear of car; at police station, Appellant banged his head on cement wall, flailed his arms, and screamed; officers had to call for additional assistance to restrain Appellant; Commonwealth presented sufficient evidence to sustain Appellant's conviction for resisting arrest). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :   No. 2122-16

           : 

       vs.              : 

           : 

BRYCE BEAVER,            : 

         Defendant       : 

District Attorney's Office - for the Commonwealth
Public Defender's Office - for Defendant

**OPINION AND ORDER OF COURT**
**PURSUANT TO Pa.R.A.P. 1925**

RUSSELL, J.

On September 27, 2017, Defendant Bryce Beaver filed an appeal from this court's judgment of sentence of September 20, 2017. Defendant was found guilty by a jury on August 21, 2017 of resisting arrest and guilty by the court of the summary charge of disorderly conduct. Defendant was sentenced, inter alia, to serve a term of incarceration of thirty-four days (time served) to eighteen months followed by six months' probation on the resisting arrest offense.

In his statement of complaints on appeal, Defendant contends that the evidence was insufficient to support the verdict on the resisting arrest offense.

The evidence at trial included testimony from Patrolmen Travis Bowman and William Moyer of the Shenandoah Police Department and Patrolman Charles Kovalewski of the Mahanoy City Police Department. Officers Bowman and Moyer were on duty on June 29, 2016 when they were dispatched to Main and Centre Streets in Shenandoah Borough at about 2:00 a.m. for a noise complaint - someone throwing

1

trash cans. When they arrived, the officers saw Defendant pacing around, flailing his arms and heard him screaming incoherently. A male across the street pointed toward Defendant as the officers exited the patrol car. The officers tried to talk to Defendant but he kept screaming, rambling and talking very fast, appearing to be in what Officer Moyer described as an "altered state."

Despite the officers' requests, Defendant kept fidgeting and placing his hands in his pockets. He was asked to stop reaching in his pockets numerous times. Defendant would comply but then immediately become agitated and begin pacing, screaming and placing his hands in his pockets. Eventually, Officer Moyer told Defendant that he was being placed in custody for disorderly conduct. According to Officer Moyer, although he told Defendant this multiple times, Defendant "did not listen." Defendant was asked to place his hands on the patrol car and did. However, he then pushed off the car, shoving his head violently into Officer Bowman's chest.

With difficulty and using "greater than normal force," the officers placed Defendant far enough into the patrol car so that he could not kick the door "out." However, the officers were unable to place the seatbelt on Defendant due to his fighting. Defendant then began kicking the vehicle's divider and banging his head off the rear of the car.

Upon arrival at and after entering the police station, Defendant began to bang his head off the cement wall, flail his arms and scream. The officers told Defendant multiple times to sit down and stop banging his head. Although Defendant complied initially with the requests, he would again begin to scream and bang his head off a metal bench. Officer Moyer tried to hold Defendant's head to stop him from slamming it into

2

the metal cot in the room and hurting himself further since Defendant had caused a wound on the back of his head to open and bleed. The officer became covered with Defendant's blood from the open head wound during his attempt to restrain Defendant from continuing to hurt himself.

Despite leg shackles and handcuffs being applied to Defendant, he kept moving and hitting his head off the floor and metal bench. Because Officers Moyer and Bowman were unable to control Defendant, they called Mahanoy City and Frackville police for assistance. When Mahanoy City and Frackville police arrived, a hobble restraint was applied to Defendant by Officer Charles Kovalewski in an effort to provide more restraint and prevent Defendant from causing further injury. Since Defendant had injured his head and exhibited signs of excessive drug use, EMS were called to transport Defendant to the hospital. Because he kept trying to flip the ambulance gurney, Defendant had to be restrained to it with handcuffs and shackles and EMS had to sedate Defendant for transport.

Evidence is sufficient to support a verdict if when viewed in the light most favorable the Commonwealth there is sufficient evidence in the record to have allowed the fact-finder to find each element of the crime beyond a reasonable doubt. See, e.g., Commonwealth v. Coleman, 19 A.3d 1111 (Pa. Super. 2011).

The Crimes Code provides as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

> 18 Pa.C.S. 5104.

3

In light of all the evidence elicited - Defendant's conduct prior to being placed in the police vehicle, including striking Officer Bowman with his head, his conduct in the vehicle, by, i.e., kicking the divider and banging his head, and at the police station, resulting in police from three departments necessary to aid in restraining Defendant - it is believed the jury had ample basis to find Defendant guilty of resisting arrest.